## RECOVERY FOR DEATH UNDER AN ACCIDENT POLICY.

[Circuit Court of Lucas County.]

THE TRAVELERS INSURANCE COMPANY v. ANNA M. LEIBUS.

Decided, May, 1906.

*Accident Insurance—Pleading in Action for Recovery for Death—Proximate and Sole Cause—Error not Affecting Substantial Rights—Incorrect Answer of Insured as to Weekly Earnings—Charge of Court—Burden of Proof—Words and Phrases.*

1. In an action for recovery for death under a policy of accident insurance, containing the provision that the company insures against death resulting from injuries alone, the judgment against the company will not be reversed for failure to allege in the petition that death was caused solely by the accident, where the answer affirmatively alleged another cause, thereby presenting that issue.

2. Where in such a case the court charged the jury generally that the plaintiff must show that death resulted from the accident alone, and also charged that the burden was on the defendant to show the specific cause of death to have been other than the accident, the apparent inconsistency is not of such a character as to require a reversal of the judgment.

3. Nor did the use of the word "proximate" cause of death in the sense of "sole" cause, when taken in connection with other qualifying and restrictive words in the same connection, render the instruction confusing or erroneous to an extent requiring a reversal of the judgment.

4. A clause avoiding a policy of accident insurance for a false or incorrect statement of the weekly earnings of the assured, is applicable only to the weekly indemnity to which the assured would be entitled in case of an injury which incapacitates him from following his vocation, and not to an injury resulting in death.

WILDMAN, J.; HAYNES, J., and PARKER, J., concur.

This is a proceeding brought in error to reverse the judgment of the court of common pleas in favor of the defendant in error, Anna M. Leibus, against the said insurance company.

It appears from the pleadings and record that one August Leibus, who was insured in the Travelers Insurance Company, died on the 2d day of April, 1904, as the claimed result of an accident incurred by him in falling a short time previous to that date. Suit was brought by the beneficiary, Anna M. Leibus,

in the court below, and a verdict and judgment for the sum of $5,000 obtained upon the policy of insurance.

There are several claims of error upon which the proceeding is prosecuted in this court to reverse that judgment. The record is a somewhat long one, and a critical examination of all the points involved and statement of the reasons for the conclusion at which we have arrived upon each claimed item of error would take longer time than I have now at my dis- posal and would hardly be necessary to a correct understand- ing of our general conclusions.

One of the important claims of the plaintiff in error is that the petition of Mrs. Leibus in the court below did not state facts constituting a cause of action, and for that reason was obnoxious to the demurrer which was filed against it, and that the court erred in overruling said demurrer. The point most specifically stated is that the petition failed to allege in express terms that death had occurred *alone* from the accident described in the petition, and in an amendment to it, which in some detail stated the occurrence averred to have caused the death. It is not claimed that the petition does not sufficiently allege the death as the proximate result of the accident, but it is claimed that it nowhere alleges that it was caused *solely* by the accident, and that it should have so alleged.

We are strongly inclined to the opinion that the petition is open to this objection, but, under a decision of the Supreme Court and one or two general provisions of our civil code to which I will presently refer, our view is that this, under all the circumstances of the case, is not ground for reversal.

The policy of insurance not only contains the general pro- vision that the company insures the decedent against death resulting from the injuries alone, but it has an independent clause providing that the insurance shall not cover injuries resulting wholly or partly, directly or indirectly, from a number of causes mentioned in the clause of the policy referred to, among which is cited disease in any form. This was set up in a defense in the answer in the case at bar as a ground upon which the company was exonerated from liability, or rather, a ground for the claim that the policy did not cover the death in this case

because, as asserted, it had resulted from a disease of some kind.

The decision of the Supreme Court to which I referred is the case of *Yocum, Admr.,* v. *Allen,* 58 O. S., 280, holding—

"Where, in a cause pending in the court of common pleas, a demurrer to a petition has been overruled, and upon issues made by answer and reply, the case has been tried to a jury and a verdict and judgment for plaintiff rendered, this court will not reverse the judgment, even though satisfied that the demurrer ought to have been sustained, provided it also appears, upon a consideration of the whole record, that the overruling of the demurrer was an error which was not prejudicial to the adverse party."

This decision of the Supreme Court is based upon the provision of our civil code to which I have referred, or perhaps to two provisions of the civil code, which are referred to on pages 288 and 289 of the case cited.

"Respecting the defects in the petition," the court said, "as to allegations of indebtedness, the writer is free to say" (and the writer in this instance is Judge Spear) "that he has no sufficient answer to the criticism of counsel, and if we were passing upon the question in a court of first instance, there would seem to be evident propriety in holding the pleading insufficient. But the question before this court is not whether this petition, tested by technical rules, states a case, but whether the error in overruling the demurrer has worked prejudice to the adverse party which requires a reversal of the judgment. The second section of the code (now 4948), enjoined this rule upon the courts: 'The provisions of this part, and all proceedings under it, shall be liberally construed, in order to promote its object, and assist the parties in obtaining justice.' And Section 138 (now 5115), enjoins a still further duty in the direction of liberality: 'The court, in every stage of an action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed, or affected, by reason of such error or defect.' "

The petition in that case defectively stated the claims of the plaintiff. It was probably obnoxious to a demurrer upon the ground that the petition did not state facts constituting a cause of action, but notwithstanding another provision in the code, that the defendant shall be deemed to have waived all defects in the

petition which might be raised by demurrer save only that the petition does not state facts constituting a cause of action, or that the court has no jurisdiction, the Supreme Court, applying the other provision of the code that the court in every such action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, refused to reverse the judgment notwithstanding the defective petition.

In the case at bar we have a condition very similar to the one, which upon a reading of the facts in *Yocum v. Allen,* will be found to have obtained in that case. The precise matter was called to the attention of the court and jury upon the trial of the case by the claims made in the answer after the demurrer had been overruled by the court; because the answer affirmatively alleged independent causes of the death, so as to show affirmatively by the defendant what the plaintiff had failed to negative, that the death had another cause than the accident. We think, on the strength of the decision in the 58th Ohio State, that this judgment ought not to be reversed upon the ground that the petition was defective in failing to state that the death was caused solely by the accident.

Another point made in the petition in error before us is that the court erroneously sustained a demurrer to the second defense in the defendant's answer pleading a false or incorrect statement of the assured as to his weekly earnings, and a clause avoiding the policy for such representations. Without pausing long upon this, it is enough to say that we think that this demurrer was properly sustained; that the clause in the policy upon which the defense was based was applicable only to the weekly indemnity which the policy provided for in case of injury to the person assured, and that it had no application to a case of death.

The plaintiff in error claims that the court erred in the admission and rejection of certain evidence during the progress of the case, and if I had time I would comment in detail upon the various rulings of the court in this regard as shown by the bill of exceptions. We have examined it, and especially the pages cited by counsel for the plaintiff in error, but we find upon none of those pages, or elsewhere in the record, any rulings of the court

that in our judgment would justify a reversal of the case upon either ground stated, the admission or the rejection of evidence, or other rulings during the progress of the trial, up to the time of the charge of the court to the jury, wherein some quite important questions are raised which demand a little more special attention.

It is urged by counsel for plaintiff in error that the court erred in charging the jury as the court did, substantially, that the burden was upon the defendant to show a specific cause for the death other than the accident. Did the court err in this respect? The court had already charged generally that the plaintiff must show that the death resulted alone from the accident; but later, and notwithstanding that, the court instructed the jury that upon the particular claims made by the defendant as to specific causes of death other than the accident, the burden was on the defendant to show them. This question we have examined with a good deal of care, and with the impression at first that perhaps the court committed substantial error in the charge so given.

In *Freeman* v. *Travelers' Insurance Company,* 144 Massachusetts, 572, it was held:

"In an action upon a policy of insurance against bodily injuries 'effected through external, violent, and accidental means, within the meaning of this contract and the conditions hereunto annexed,' one of which is that 'the party insured is required to use all due diligence for personal safety and protection,' the burden of proof is on the defendant to show that the assured did not use such due diligence."

I will not stop to quote further from this case.

On page 77 of 154 Massachusetts is the case of *Badenfeld* v. *Massachusetts Mutual Accident Association,* in which it is held that in an action upon a certificate of membership in an accident association containing provisions that "members are required to use all due diligence for personal safety and protection," and that no claim shall be made upon the certificate "when death or injury may have happened in consequence of any voluntary exposure to unnecessary danger," the burden of proof is on the defendant to show that the assured did not use such due dili-

gence, or that he did thus expose himself to such danger. I will pass this decision also without further comment.

In *Moody* v. *Insurance Company*, 52 Ohio State, 12, it was held:

"The conditions precedent, performance of which the plaintiff is required to plead in an action on such a policy, include only those affirmative acts which are necessary in order to perfect his right of action on the policy, and, it may be, other acts of like nature. Conditions which provide that the policy shall become void, or inoperative, or the insurer relieved wholly or partially from liability, upon the happening of some event, or doing, or omission to do some act, are matters of defense, and to be available must be pleaded, and their breach alleged."

This in itself is not quite pertinent to the case at bar, but I cite it as in line with some later decisions which are in harmony with it in principle and which approach perhaps more closely the precise question which we have here. There are some authorities cited in the argument of counsel in the 52d Ohio State, which should be read and considered in connection with the question here.

In the 56th Ohio State is the case of *U. S. Mutual Accident Association* v. *Hubbell*, page 516. Here it is held that death caused by accidental drowning is death through external, violent and accidental means within the meaning of the stipulation of an accident policy which gives indemnity against death by such means. Passing from the syllabus to the statement of the case on page 517, we have this fact, as to the pleadings, given:

"The answer set up that a condition of each of the policies was that the 'contract shall not extend to or cover voluntary exposure to unnecessary danger.' "    *    *    *

On page 526 of the case cited, Judge Spear, speaking for the court, says:

"It being thus sufficiently shown by the evidence of the plaintiff, that the assured came to his death within the general terms of the policy, the burden rested upon the company to prove that a recovery was defeated by reason of the exception pleaded, viz., that death was the result of 'voluntary exposure to unnecessary danger.' "

I will come back to this case a little later.

In the 68th Ohio State, 151, is the case of *Aetna Life Insurance Company* v. *Dorney,* a case cited by counsel during argument. In the second syllabus of the case I read:

"If a policy of insurance against accident contains a stipulation that the insurer shall not be liable on account of the death of the assured if it results wholly or partly from infirmity or disease, the stipulation is available as a defense notwithstanding Sections 3625 and 3626, Revised Statutes, whose effect is limited to defenses founded on fraud or misstatement in the application."

The court refused an instruction which the defendant requested, and which the Supreme Court held was erroneously refused. It is this:

"Fourth. If you find from the facts and circumstances proved that the coats of the stomach of said George S. Dorney had been eaten through by an ulcer and was left in a weakened and diseased condition, and that but for such disease and weakened condition of his stomach the injury which caused his death would not have resulted from anything he did on the 23d day of October, 1899, then and in that case the plaintiff can not recover and your verdict must be for the defendant."

The court held as above stated that the instruction was pertinent and should have been given. It will be observed that the language is not "If you fail to find that he was not diseased," but "If you find from the facts and circumstances proved." Of course this is not determinative of the question as to whether it is necessary to allege as a defense or prove that the person was afflicted with a disease which caused the death, but it hints in that direction, and taken in connection with the language in the syllabus itself that it is available as a defense, it seems to us that it is an indication of the understanding by the Supreme Court as to where the burden would rest.

I said that I would return to the case in the 56th Ohio State, and I do so to examine the rule therein given in connection with the language of the policy in the case at bar. This defense as made by the defendant is under the fifth clause of the policy, and I read the part of it which is pertinent to the question which we are considering:

"This insurance shall not cover death resulting wholly or partly, directly or indirectly, from  *  *  *  disease in any form, nor shall this insurance cover accident, injuries, disability, or death, resulting directly or indirectly from voluntary over-exertion, or from voluntary exposure to unnecessary danger."

It is a continuation of the same paragraph, and it is a use of the precise language that we find in the policy in reference to disease in any form and voluntary exposure to any danger. In other words, the policy does not cover death resulting from disease in any form, nor does it cover death resulting from voluntary exposure to unnecessary danger. · I call especial atten· tion to this, because the precise point decided in the 56th Ohio State case, *supra*, is that "voluntary exposure to unnecessary danger," was a matter with regard to which the burden rested upon the company. If that is true as to that specific cause of death, it would seem equally true as to disease, that is, any special disease, upon which the defendant relied to defeat a recovery.

It is a very difficult thing to harmonize an instruction on the one hand, that the plaintiff must show that the death was caused *alone* by accident with another that as to any specific cause of death which with the accident contributes to it, the burden is on the defendant to point out its claim in that regard and to establish them by proof, and yet we have analogous cases in practice.

In this case, although the plaintiff is required to allege in general terms matter which entitles him to the relief sought, when it comes to specific matters it is incumbent upon the defend-ant to make the allegations and proof, to point out specifically wherein the plaintiff is not entitled to recover. To illustrate: In this policy, the fifth clause, in addition to the possible causes of death already quoted, provides that the insurance shall not cover death or disability resulting wholly or partly, directly or indirectly, from intoxication, or while intoxicated, or from or while violating law, or from hernia, or from bites or stings of insects. It will hardly be claimed that it is incumbent upon the plaintiff either to allege or prove that he had not been bitten or stung by an insect, that he was not intoxicated at the time of the injury, and if so, it was not incumbent upon him to show that the walls of his arteries had not become impaired by disease. In

other words, he was not required to prove that he was not afflicted with any particular disease. It may have been incumbent upon him to trace his death to the injury as a direct sequence, and we are somewhat inclined to hold that having done this he has made a *prima facie* case. It may have been necessary for him to show in a general way that he was in health, but it was not incumbent upon him to prove that his death was not due to his being intoxicated, or to any of these other specific things to which I have referred. The Supreme Court has held that it was not incumbent upon him to show that his death was not caused by involuntary exposure to unnecessary danger, mention of which we find in this same clause, but that it was incumbent upon the defendant to prove that his death was caused by such fact.

The judge below attempted to draw this distinction, and it was a pretty difficult and a pretty fine distinction to draw. It was accomplished with difficulty and in some places it seems as if the judge had come pretty close to the line between correctness and error, but we are inclined to think upon the whole that he accomplished his difficult task with reasonable accuracy and correctness, and that, with the aid of some definitions that he gave and responses to instructions asked by the defendant as well as the plaintiff, he relieved the case from any possible prejudice to the defendant from his general instructions.

It is said that the court below confused the word "proximate" with the word "sole"; that he used the two words as synonomous, and it looks to us as if he had done so. In fact, in one part of the charge he almost expressly says that the word "proximate" is to be treated as equivalent to the word "sole" or synonymous with it. But the fact that he did so treat these words in itself, in our judgment, took away whatever injurious effect there was in some of the instructions that he gave as to the plaintiff being entitled to recover if the death was proximately caused by the injury, because he defined it substantially as meaning "solely" caused by the injury. He had made it perhaps reasonably clear in the first instructions that he gave at the request of the parties and in the general charge. But to avoid any possible cloud upon the charge, to take away whatever danger there might be to the defendant, counsel for the defendant properly attempted

to guard the jury from any difficulty of understanding what the court was trying to tell them. This was at the conclusion of the charge and before the case was finally submitted. A request had been made for certain special findings of the jury, answers to interrogatories, the fourth of which was: "Was the injury the proximate cause of his death?"

It was essential that the injury should be the proximate cause of the death, as well as that the matter should not be complicated by other cause such as was specified in the policy as exonerating the company from liability, so that the interrogatory was proper enough, and the use of the word "proximate" in that request, in the interrogatory, was a correct one. The court had stated to the jury substantially that it was necessary that it should be the proximate cause, the only trouble in that respect with his charge being that he had also said that he used the word as equivalent to "sole." The defendant's counsel asked the court as follows, at the same time objecting to this interrogatory:

"Before the jury retires I want to note an objection to the special findings, especially the last, to see that that is not put before the jury so as to confuse them and lead to wrong results. 'Was the injury the proximate cause of his death?' The jury ought to be charged that the court is using the term 'proximate' meaning the sole cause, independent of all other causes.

"THE COURT: That is correct. Gentlemen of the jury, the proximate cause of the death in the meaning of this contract is the sole cause of the death, as I have used that term in my instructions."

As I have already said, the words "proximate" and "sole" are not synonymous. As a matter of law we can not so consider them. But it was not necessary that this jury should be taught law any further than was necessary for their consideration of this case. The court gave them an instruction which was legally and abstractly erroneous, yet at the same time he instructed them as to just how it was to be applied, and no prejudice resulted if the application was correct. In other words, if he said to the jury that the injury must be the proximate cause of the death and at the same time, but in another part of his charge or instruction, at the request of counsel, told them that he

meant by that that it must be the sole cause of death, then he was telling them precisely what counsel for defendant was claiming all through the case to be the law that the injury must be the sole cause of death, and that the court had repeatedly in substance told them in other phraseology. And although he had told them that it was incumbent upon the defendant to show a particular disease, or that he was diseased, he had never departed from the proposition with which he started out, that as an ultimate fact the death must have been caused solely, or, as he expressed it "proximately," meaning the same thing, by the injury. The jury then were instructed in substance that if the contention of fact which the defendant was making was true, that some other cause than the falling on the sidewalk contributed independently to the unfortunate result, the death of the man injured, then the plaintiff, the beneficiary, was not entitled to recover. And that is the substance of the whole case, the gist of the whole contention.

And we have concluded after a very careful consideration of the case and study of it in all its aspects, that the judgment of the court below upon the verdict should not be disturbed. We think that substantial justice was done, that the defendant has had a fair trial. Nor are we inclined to disturb the verdict upon the ground that it is contrary to the evidence. There was a conflict of evidence, a number of experts testified on both sides, about as many upon one side as upon the other; and remembering that to establish any particular latent disease, the onus was upon defendant, we think that the jury was fairly justified in arriving at the conclusion to which they came that the plaintiff was entitled to the verdict sought. And with these views the judgment of the court below will be affirmed.

*Doyle, Lewis & Schaufelberger,* for plaintiff in error.
*Potter & Potter,* for defendant in error.